**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000553
26-OCT-2015
10:08 AM**

NO. CAAP-14-0000553

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant/Cross-Appellee, v.
DUSTIN J. BARTON, Defendant-Appellee/Cross-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
LAHAINA DIVISION
(2DTA-13-00782)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant the State of Hawai'i (State) appeals from the February 18, 2014 Findings of Fact and Conclusions of Law (FOF/COL), in which the District Court of the Second Circuit, Lahaina Division (District Court),[1] suppressed the blood alcohol test result of a sample drawn from Defendant-Appellee Dustin J. Barton (Barton).

Barton was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OUVII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(4) (Supp. 2014) and Reckless Driving, in violation of HRS § 291-2 (2007) on July 5, 2013.

On appeal, the State argues[2] that the District Court erred by suppressing Barton's blood alcohol test result because the procedure used complied with Hawai'i's implied consent law and with all applicable procedures, and was reasonable.

_____

[1] The Honorable Kelsey T. Kawano presided.

[2] Barton's cross-appeal was dismissed for lack of appellate jurisdiction.

Upon careful review of the record and the briefs submitted and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's point of error as follows:

The District Court issued several conclusions of law, contested by the State, regarding the reasonableness of Barton's blood draw. The District Court specifically held that the person who drew Barton's blood was qualified, followed "the medical protocol," and satisfied the required safeguards contained in Hawaii Administrative Rules (HAR) § 11-114-23, but that the blood draw was not made in a hospital-like environment.[3] See COL No. 21. The District Court did not decide whether the manner in which the blood draw was conducted satisfied the Fourth Amendment under the United States Constitution or article 1, section 7 of the Hawaii State Constitution but instead concluded that the procedure used in drawing Barton's blood sample "did not satisfy the 'reasonableness' requirement in [State v. Entrekin, 98 Hawaiʻi 221, 233, 47 P.3d 336, 348 (2002)] that the blood draw be done in a hospital-like environment." However, while the blood draw in Entrekin occurred in a hospital, the Entrekin court did not make a hospital-like environment a prerequisite to a finding of reasonableness and specifically declined to decide the issue. Entrekin, 98 Hawaiʻi at 233 n.15, 47 P.3d at 348 n.15.

The District Court did not make findings regarding the environment in which Barton's blood was drawn but appeared to rule as a matter of law. On remand, the District Court may make such findings and may take additional evidence from the parties, if necessary in making its determination whether, based on all the facts of this case, the blood draw here met the reasonableness standard.

The State also contests Conclusion of Law No. 26, in which the District Court relied on State v. Wilson, 92 Hawaiʻi

---

[3]    However, it is unclear in what respect the District Court found the environment lacking as it made no findings of fact regarding the environment in which the blood sample was taken, other than that the draw occurred in the Wailuku police station processing room, Barton was seated, and handcuffed to a wall. FOF No. 9. Moreover, Barton's arguments in support of the District Court's ruling go to the procedures followed by the person drawing Barton's blood and not to the environment.

45, 987 P.2d 268 (1999) in concluding that Barton's blood alcohol test result must be suppressed because the State failed to comply with Hawai'i's implied consent law.

HRS § 321-161 (2010) states that the Department of Health shall establish and administer a statewide program relating to chemical testing of alcohol concentrations or drug content for the purpose of HRS Chapter 291E.  HRS § 321-161(a).  The Department of Health must establish procedures specifying "(1)  The qualifications of personnel who administer chemical tests used to determine alcohol concentrations or drug content; (2)  The procedures for specimen selection, collection, handling, and analysis; and (3) The manner of reporting and tabulating the results."  Id.  The Department of Health adopted Title 11, Chapter 114, Subchapter 3 of the HAR titled Testing of Blood and Other Bodily Substances which specifies the blood sample collection procedures that must be followed.  HAR § 11-114-23 specifies the procedure required when collecting a blood sample. The District Court concluded that the person conducting the blood draw was qualified pursuant to HRS § 291E-12 (Supp. 2014), HRS § 321-161, and HAR 11-114-23, and followed the procedural safeguards specified in HAR § 11-114-23.  See COL No. 21. Therefore, Barton's blood draw did not violate the statutes applicable to drawing blood for the purposes of determining alcohol concentrations for the purposes of HRS Chapter 291E and COL 26 is wrong.

Therefore, the District Court of the Second Circuit, Lahaina Division's February 18, 2014 Findings of Fact and Conclusions of Law granting Barton's Motion to Suppress is vacated and the case is remanded for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, October 26, 2015.

On the briefs:

Artemio C. Baxa and
Brandon Segal,
Deputy Prosecuting Attorneys,
County of Maui,
for Plaintiff-Appellant.

Benjamin E. Lowenthal,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge